**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ANGELO P. VIGNOLA, on behalf of plaintiff and the classes defined herein, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| LVNV FUNDING, LLC, RESURGENT CAPITAL SERVICES, L.P., and ALEGIS GROUP, LLC, | ) ) ) ) |
| Defendants. | ) ) |

**COMPLAINT – CLASS ACTION**

**INTRODUCTION**

1.      Plaintiff Angelo P. Vignola brings this action to secure redress against unlawful collection practices engaged in by defendants    LVNV Funding, LLC ("LVNV"), Resurgent Capital Services, L.P. ("Resurgent"), and Alegis Group, LLC ("Alegis").    Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

**JURISDICTION AND VENUE**

2.      This Court has jurisdiction under 28 U.S.C. §§1331, 1337 and 15 U.S.C. §1692k (FDCPA).

3.      Venue in this District is proper because defendants' collection communications to plaintiff and numerous class members were received in this District.

**PARTIES**

4.      Plaintiff Angelo P. Vignola is a resident of the Northern District of Illinois.

5.      Defendant LVNV is a limited liability company with offices at 200 Meeting Street, Suite 206, Charleston, SC 29401.   It does or transacts business in Illinois.

6.      Defendant LVNV is engaged in the business of purchasing or acquiring,

1

or claiming to purchase or acquire, allegedly defaulted debts originally owed to others and incurred for personal, family or household purposes.

7. Defendant LVNV pays an average of less than 5 cents on the dollar for the debts it purchases.

8. Defendant LVNV then attempts to collect the purchased debts by filing or threatening suits on them and having the putative debtors dunned.

9. Defendant LVNV has been the plaintiff in more than 1,200 collection lawsuits that have been pending in Illinois and Indiana during the year prior to the filing of this action.

10. Defendant LVNV regularly uses the mails and telephones in its business.

11. Defendant LVNV is a "debt collector" as defined in the FDCPA.

12. Defendant Resurgent is a limited partnership entity with offices at 200 Meeting Street, Suite 206, Charleston, SC 29401.   It does or transacts business in Illinois.

13. Defendant Resurgent operates a collection agency.

14. Defendant Resurgent holds one or more collection agency licenses.

15. Defendant Resurgent uses the mails and telephones to collect debts originally owed to other entities.

16. Defendant Resurgent is a debt collector as defined in the FDCPA.

17. Defendant Alegis Group, LLC is a limited liability company with offices at 200 Meeting Street, Suite 206, Charleston, SC, 29401.  It is the sole general partner of Resurgent.  As such, the acts of Resurgent are attributed to it.

18. Notwithstanding the substantial volume of collection activity in which it engages, LVNV Funding LLC claims that it has no employees.  (Statement of Material Facts filed as document no. 69 in Randall v. Nelson & Kennard, 2:09-cv-00387 (D.Ariz., filed Aug. 9, 2010)).

19. All actions taken in the name of LVNV are in fact taken by Resurgent,

2

pursuant to a written agreement and power of attorney that LVNV has executed in favor of Resurgent. (Statement of Material Facts filed as document no. 69 in <u>Randall v. Nelson & Kennard</u>, 2:09-cv-00387 (D.Ariz., filed Aug. 9, 2010)).

20.     Defendant LVNV formerly stated on its Web site, <u>www.lvnvfunding.com,</u> that "LVNV Funding purchases portfolios of both domestic (U.S.) and international consumer debt from credit grantors including banks, finance companies, and other debt buyers. As the new owner of any debt purchased from the original creditor or from another debt buyer, LVNV Funding's name may appear on a customer's credit bureau, or in a letter from a collection agency if the account is delinquent."

21.     Defendant LVNV also stated on its Web site that "All capital markets and business development activities are handled internally, while the management of purchased assets is outsourced to a third-party specializing in the management of these types of consumer assets, Resurgent Capital Services LP (Resurgent). Resurgent is a manager and servicer of domestic and international consumer debt portfolios for credit grantors and debt buyers, and has been hired by LVNV Funding to perform these services on its behalf. Resurgent, a licensed debt collector, may perform these activities directly, or in many cases, will outsource the recovery activities to other specialized, licensed collection agencies. If you are a customer, please direct your inquiries to the firm currently working your account."

22.     The Web site has since become inactive, but the above statements continue to describe the relationship between LVNV and Resurgent.

23.     Defendants Resurgent and LVNV are under common ownership and management. Both are part of the Sherman Financial Group.

24.     On information and belief, based on the Resurgent web site and statements in the Statement of Material Facts filed as document no. 69 in <u>Randall v. Nelson & Kennard</u>, 2:09-cv-00387 (D.Ariz., filed Aug. 9, 2010), defendant Resurgent directed the collection activity complained of herein even though it was taken in the name of LVNV.

## FACTS RELATING TO PLAINTIFF

25.     Defendants have been attempting to collect from plaintiff an alleged credit card balance claimed to have been incurred for personal, family or household purposes and not for business purposes.

26.     Plaintiff disputes the debt.

27.     Prior to October 14, 2011, Resurgent, on behalf of LVNV, placed the purported debt of plaintiff for collection with the law firm of Weltman, Weinberg & Reis Co., LPA.

28.     Whatever information Weltman, Weinberg & Reis Co., LPA had concerning the purported debt was supplied by Resurgent on behalf of LVNV.

29.     On or about October 14, 2011, Weltman, Weinberg & Reis Co., LPA sent plaintiff, on behalf of LVNV, the letter attached as Exhibit A, representing that "[a]s of the date of this letter you owe the amount listed above . . . ."

30.     The amount listed above was $27,011.24, as of October 14, 2011.

31.     The amount was furnished to Weltman, Weinberg & Reis Co., LPA by Resurgent on behalf of LVNV.

32.     Plaintiff disputed the debt.

33.     Plaintiff believes that the debt, assuming that LVNV even owns any account of his, is so old as to be barred by the statute of limitations.

34.     Weltman, Weinberg & Reis Co., LPA returned the debt to Resurgent.

35.     Between October 14, 2011 and December 27, 2011, Resurgent, on behalf of LVNV, placed the purported debt with the law firm of Blatt, Hasenmiller, Leibsker & Moore LLC.

36.     On or about December 27, 2011, Blatt, Hasenmiller, Leibsker & Moore LLC sent plaintiff, on behalf of LVNV, the letter attached as Exhibit B.

37.     Exhibit B states that "As of this date [December 27, 2011], you owe the

4

Amount Due shown above." The amount due shown above was $22,103.96.

38.     Exhibit B pertains to the same purported debt as Exhibit A.

## FACTS – GENERAL

39.     It is the policy and practice of defendants to have their debt collectors send correspondence such as Exhibit A demanding payment of larger sums than subsequent correspondence such as Exhibit B.

40.     The earlier correspondence inflates the amount of the claimed debt and then offers to negotiate from the inflated amount.

41.     On information and belief, defendants have a standardized policy and practice for determining the amount of the debt to claim in correspondence such as Exhibit A.

42.     On information and belief, defendants inflated the amount of the debt in Exhibit A with purported fees, charges and interest that they have no basis for claiming.

43.     Because of the very large face amount of the receivables allegedly acquired by defendants and the very small percentage of face value paid for them, inflating the amount sought from the consumer by 10% or 20% is highly beneficial to defendants. A 10% inflation of the total face value of defendants' receivables amounts to billions of dollars, and costs defendants nothing.

## COUNT I – FDCPA

44.     Plaintiff incorporates paragraphs 1-43.

45.     Defendants engaged in both deceptive collection practices, in violation of 15 U.S.C. §§1692e, 1692e(2), 1692e(5), and 1692e(10), and unfair collection practices, in violation of 15 U.S.C. §§1692f and 1692f(1), by sending correspondence containing inflated demands for money.

46.     Section 1692e provides:

**§ 1692e.        False or misleading representations [Section 807 of P.L.]**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without**

5

limiting the general application of the foregoing, the following conduct is a violation of this section: . . .

      **(2)     The false representation of--**

            **(A)     the character, amount, or legal status of any debt; . . .**

      **(5)     The threat to take any action that cannot legally be taken or that is not intended to be taken. . . .**

      **(10)     The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

47.     Section 1692f provides:

      **§ 1692f.     Unfair practices [Section 808 of P.L.]**

      **A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

      **(1)     The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law. . . .**

## CLASS ALLEGATIONS

48.     Plaintiff brings this action on behalf of two classes, defined as Class A and Class B, pursuant to Fed. R.Civ.P. 23(a) and (b)(3). The two classes are largely coterminous.

49.     Class A consists of (a) all natural persons with Illinois addresses (b) who were sent a letter on behalf of any of the defendants demanding an amount of money on account of an alleged debt (c) and were subsequently sent a letter of behalf of any of the defendants demanding a lesser amount of money on account of the same alleged debt (d) where the first letter is dated on or after a date one year prior to the filing of this action, and on or before a date 20 days after the filing of this action.

50.     Class B consists of (a) all natural persons with Illinois addresses (b) who were sent a letter on behalf of any of the defendants demanding an amount of money on account of an alleged debt (c) computed in the same manner as was used with Exhibit A (d) where the letter is dated on or after a date one year prior to the filing of this action, and on or before a date 20 days

6

after the filing of this action.

51.     The class members are so numerous that joinder is impracticable.

52.     There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether defendant's practice described above violates the FDCPA.

53.     Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

54.     Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

55.     A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible, and in any event are not sufficient to prevent defendants from continuing their violations of the law. Many debtors may not realize that their rights are violated.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class members and against defendants for:

(1)     Statutory damages;

(2)     Attorney's fees, litigation expenses and costs of suit;

(3)     Such other or further relief as the Court deems proper.


s/Daniel A. Edelman
Daniel A. Edelman

7

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Tiffany N. Hardy
EDELMAN, COMBS, LATTURNER
      & GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

## <u>NOTICE OF LIEN AND ASSIGNMENT</u>

Please be advised that we claim a lien upon any  recovery herein for 1/3 or such amount as a court awards.   All rights relating to attorney's fees have been assigned to counsel.


<u>s/Daniel A. Edelman</u>
Daniel A. Edelman


Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
      & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

T:\26561\Pleading\Complaint_Pleading.WPD

9

# EXHIBIT A

# WELTMAN, WEINBERG & REIS Co., LPA

### ATTORNEYS AT LAW

*Over 80 Years of Service.*

323 W. Lakeside Ave. Ste. 200 Cleveland, OH 44113-1009
(216) 739-5653    (800) 765-1056
Mon-Thurs 8am-9pm, Fri 8am-5pm, & Sat 8am-12pm EST

*Redacted*

October 14, 2011

ANGELO P VIGNOLA

RE:   LVNV FUNDING LLC
      Original Creditor: CITIBANK
      Account No.:
      WWR No.:
      Balance Due as of October 14, 2011: $27,011.24

Dear ANGELO P VIGNOLA:

Please be advised that this law firm has been retained to collect the outstanding balance due and owing on this account. As of the date of this letter you owe the amount listed above. Therefore, it is important that you contact our office to discuss an appropriate resolution for this matter. You may be able to pay on your account online via our web-pay website at www.wwrepay.com.

This law firm is a debt collector attempting to collect this debt for our client and any information obtained will be used for that purpose. Unless you dispute the validity of this debt, or any portion thereof, within thirty (30) days of receipt of this letter, we will assume that the debt is valid. If you notify us in writing within the thirty (30) day period that the debt, or any portion thereof, is disputed, we will obtain verification of the debt and mail you a copy. If you request in writing within the thirty (30) day period, we will provide you with the name and address of the original creditor if different from the current creditor.

Thank you for your attention to this matter.

Sincerely,

Weltman, Weinberg & Reis Co., L.P.A.

154ONWELT01323R

---

***To receive proper credit on your account, please detach the bottom portion and return with your payment in the enclosed envelope***

---

323 W. Lakeside Ave. Ste. 200
Cleveland, OH 44113-1009

ADDRESS SERVICE REQUESTED

WWR No.:
Balance Due as of October 14, 2011: $27,011.24

October 14, 2011

H69/323/14073670/0550-323R    643503303

ANGELO P VIGNOLA

WELTMAN, WEINBERG & REIS CO., L.P.A.
P.O. Box 93784
Cleveland, OH 44101-5784

H69/323/14073670/0550

## PRIVACY NOTICE

This Privacy Notice is being given on behalf of each of the following related companies (the 'Sherman Companies'). It describes the general policy of the Sherman Companies regarding the personal information of customers and former customers.

| | | |
|---|---|---|
| Sherman Acquisition Limited Partnership | Resurgent Capital Services L.P. | Anson Street LLC |
| Sherman Acquisition II Limited Parternership | Resurgent Capital Services PR LLC | Ashley Funding Services LLC |
| | LVNV Funding, LLC | SFG REO, LLC |
| Sherman Acquisition L.L.C. | Ascent Card Services, LLC | PYOD LLC |
| Limestone Asset Management LLC | Ascent Card Services II LLC | |
| Granite Asset Management LLC | | |

**Information We May Collect.** The Sherman Companies may collect the following personal information: (1) information that we receive from your account file at the time we purchase or begin to service your account, such as your name, address, social security number, and assets; (2) information that you may give us through discussion with you, or that we may obtain through your transactions with us, such as your income and payment history; (3) information that we receive from consumer reporting agencies, such as your creditworthiness and credit history, and (4) information that we obtain from other third party information providers, such as public records and databases that contain publicly available data about you, such as bankruptcy and mortgage filings. All of the personal information that we collect is referred to in this notice as 'collected information'.

**Confidentiality and Security of Collected Information.** At the Sherman Companies, we restrict access to collected information about you to individuals who need to know such collected information in order to perform services in connection with your account. We maintain physical safeguards (like restricted access), electronic safeguards (like encryption and password protection), and procedural safeguards (such as authentication procedures) to protect collected information about you.

**Sharing Collected Information with Affiliates.** From time to time, the Sherman Companies may share collected information about customers and former customers with each other in connection with administering and collecting accounts to the extent permitted under the Fair Debt Collection Practices Act.

**Sharing Collected Information with Third Parties.** The Sherman Companies do not share collected information about customers or former customers with third parties, except as permitted in connection with administering and collecting accounts under the Fair Debt Collection Practices Act.

EXHIBIT B

Law Offices
# Blatt, Hasenmiller, Leibsker & Moore LLC
125 South Wacker Dr. * Suite 400 * Chicago, Illinois 60606-4440
Phone 312/704-9440 * Outside Chicago 800/357-9609
Fax 312/704-9430

12-27-11

ANGELO P VIGNOLA


BLD8A-2713776

**PAYMENTS NOW ACCEPTED ONLINE**
visit us at
**https://www.bhlmlaw.com/pay**

| | |
|---|---|
| REFERENCE #: | |
| CREDITOR: | LVNV FUNDING, LLC |
| TYPE: | MASTERCARD |
| ORIGINAL CREDITOR: | CITIBANK |
| ACCOUNT #: | |
| ACCOUNT TYPE: | MASTERCARD |
| AMOUNT DUE: | $22103.96 |
| DEBTOR: | ANGELO P VIGNOLA |

Please be advised that this firm represents the above named creditor. We have provided above the original creditor name if applicable. Your account has been referred to this office for collection. As of this date, you owe the Amount Due shown above. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your payment, in which case we will inform you before depositing the check for collection. For further information, write this office or call us at 866-269-9861.

Demand is hereby made upon you for payment of the Amount Due. If you cannot make remittance of the total Amount Due, but wish to make partial payment and discuss payment terms, call this office with your proposal. You are hereby advised that this is an attempt to collect a debt, and that this firm is acting pursuant to the Fair Debt Collection Practice Act, 15 U.S.C.A., Sec. 1692 et seq.; any information obtained will be used for this purpose.

If you do not dispute the validity of this debt, or any portion thereof, within 30 days of receipt of this letter, we will assume it is valid. If you do dispute the validity of this debt, or any portion thereof, please notify us in writing, within 30 days of receipt of this letter and we will mail verification of the debt, or a copy of a judgment, if applicable, to you. We will also provide you with the name and address or the original creditor, if different from the current Creditor, if you request the same from us, in writing, within 30 days of receipt of this letter.

Thank You,


Blatt, Hasenmiller, Leibsker & Moore, LLC

### PLEASE INCLUDE YOUR REFERENCE # ON YOUR PAYMENT

BLD8A(08/01)AD1



Illinois          Indiana          Michigan          Arizona          Pennsylvania